

| | | |
|---|---|---|
| Michael MacDonald | ) | Docket No. 2015-02-0077 |
| | ) | |
| v. | ) | |
| | ) | State File No. 24786-2015 |
| Greene County Sheriff's Department | ) | |

**FILED**

**September 4, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:35 AM**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Jonathan Cave | | | | | X | wc@cavelawfirm.com |
| Thomas Kilday | | | | | X | tkilday@milligancoleman.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 4, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:35 AM

| | | |
|---|---|---|
| Michael MacDonald | ) | Docket No.  2015-02-0077 |
| | ) | |
| v. | ) | |
| | ) | State File No.  24786-2015 |
| Greene County Sheriff's Department | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

## Affirmed and Remanded – Filed September 4, 2015

---

This interlocutory appeal involves a sheriff's deputy who suffered a work-related left ankle injury and a subsequent right ankle injury at his home, which he contends is the direct and natural consequence of the left ankle injury. The panel physician selected to treat the employee's injuries opined that the right ankle injury was a direct and natural consequence of the work-related left ankle injury. The employer denied compensability of the right ankle injury, asserting it did not occur in the course and scope of employment. Following the filing of Petitions for Benefit Determinations for both injuries and unsuccessful efforts to resolve the parties' disputes through mediation, the employee filed Requests for Expedited Hearings seeking rulings on file reviews without evidentiary hearings. After consolidating the cases the trial court determined that the second injury was a direct and natural consequence of the work-related left ankle injury and awarded medical and temporary disability benefits. The employer has appealed, asserting the trial court had no statutory authority to conduct an expedited hearing since no catastrophic injury was involved and contesting the award of temporary disability benefits. We affirm the trial court's order and remand the case for such additional proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner, joined.

1

Thomas L. Kilday, Greeneville, Tennessee, for the employer-appellant, Greene County Sheriff's Department

Jonathan S. Cave, Greeneville, Tennessee, for the employee-appellee, Michael MacDonald

**Factual and Procedural Background**

This case involves the appeal of a trial court's expedited hearing order following the trial court's review of the file without an evidentiary hearing.[1] We have gleaned the factual background from the exhibits designated by the trial court as having been admitted into evidence, the documents designated by the trial court as the technical record, and the trial court's order.[2]

Michael MacDonald ("Employee") is a sheriff's deputy employed with the Greene County Sheriff's Department ("Employer"). On October 3, 2014, while responding to a call to a residence, Employee climbed an attic access ladder that broke, causing him to fall and injure his left ankle. Dr. Todd Christensen, an orthopedic surgeon, provided authorized medical care for Employee's left ankle injuries, which were initially diagnosed as ligament sprains, a bone contusion with evidence of micro fracture, and partial tearing of the distal Achilles. Subsequent diagnostic imaging revealed a closed fracture of the talus. Employee was taken out of work through October 19, 2014, and he was released to light duty work on October 20, 2014. Employer accommodated the work restrictions, and Employee worked as a dispatcher at his pre-injury rate of pay until February 26, 2015.

---

[1] Tenn. Comp. R. & Regs. 0800-02-21-.02(13) (2015) provides that "[a] workers' compensation judge may issue an interlocutory order either awarding or denying temporary disability or medical benefits based on a review of the documents submitted and without convening a formal hearing." Similarly, Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(c) (2015) provides that "the judge shall have the discretion to either set the matter for hearing or enter an interlocutory order based on a review of the file upon determining that no additional information is needed to determine whether the employee is likely to prevail at a hearing on the merits of the claim."

[2] Rule 7.02 of the Court of Workers' Compensation Claims Practice and Procedures provides that "[p]ursuant to Rule 0800-02-21-.14, the Court will make rulings in all Expedited Hearings upon affidavits, depositions, and any other evidence timely filed with the Clerk unless a party requests and obtains permission of the Court for a telephonic or in-person evidentiary hearing." Although the trial court designated specific documents as the technical record and identified thirteen exhibits that "the Court admitted into evidence," without any objection to the trial court's consideration of the documents that were timely filed with the Clerk, we treat all of the documents as having been properly considered by the trial court.

Employee fractured his right ankle on February 26, 2015. In an April 16, 2015 affidavit submitted with his Petition for Benefit Determination, he described the February 26, 2015 incident as follows:

> I was exiting my home to retrieve my empty garbage cans to bring them back to the house. With both of my hands empty, I took a step down out of the front door and onto my porch with my left foot. My left ankle gave out causing me to fall, landing on my right foot which resulted in the fracture of my right ankle.

Employee was immediately taken to the emergency room where he was diagnosed with a distal fibular fracture with dislocation. The emergency room report states that Employee "was taking garbage out and his left ankle 'gave out' on him and he fell forwards." The report notes the history to include "[l]eft ankle fx injured Oct. 14, recently discontinued crutches 1-2 weeks ago per orthopedics." Employee's right ankle was reduced with traction at the emergency room, but post-reduction x-rays showed "some widening and mildly displaced fibular fracture."

Employee returned to Dr. Christensen on February 27, 2015. The report from that visit states that Employee "was out walking when his left lower extremity gave way and he struck [sic] on his right lower extremity in an odd way. He developed immediate pain and deformity as it collapsed under him." Dr. Christensen recommended that Employee undergo an open reduction with internal fixation of the right distal fibula, which was performed without complication on March 2, 2015. Employee returned to Dr. Christensen for his initial post-surgical visit on March 17, 2015. Dr. Christensen noted at that time that Employee "can ambulate with wheel chair," and he prescribed a six-week course of physical therapy.

Dr. Christensen signed a letter dated March 24, 2015, stating "[i]n my opinion, it is reasonable to say that the work-related left ankle injury on October 3, 2014, was a contributing factor to the new injury of the right ankle that occurred on February 26, 2015." A second letter signed by Dr. Christensen and dated April 2, 2015, states the following:

> I can say to a reasonable degree of medical certainty, considering all causes, that Mr. MacDonald's injury of his right ankle that occurred on February 26th, 2015 was a direct and natural consequence from the work-related-left ankle injury of October 3rd, 2014.

Employee filed a Petition for Benefit Determination on April 2, 2015, which noted a February 26, 2015 injury date and requested temporary disability benefits and medical benefits. On April 14, 2015, Employer submitted a Form C-23 Notice of Denial of Claim for Compensation stating as the basis for denial that the "[i]njury did not occur due to

3

course and scope of employment. [Employee] was at home when incident occurred." Two days later on April 16, 2015, Employee signed the affidavit addressing the February 26, 2015 incident that resulted in his right ankle fracture.

Employee returned to Dr. Christensen on May 12, 2015, and Dr. Christensen allowed Employee to return to modified work at that time. However, Employer did not accommodate the work restrictions. On May 18, 2015, Employee filed a second Petition for Benefit Determination, which asserted the October 3, 2014 work-related injury. This petition sought temporary disability benefits and discovery. On June 23, 2015, Employee signed a second affidavit that included the information contained in the April 16, 2015 affidavit, but which also addressed the October 3, 2014 work injury as well as the time Employee claimed to have missed from work as a result of the right ankle injury:

> I was taken off work due to the right ankle injury from February 26th, 2015 to May 12th, 2015. I was placed on light duty work restrictions beginning on May 12th, 2015. I have not been provided any work during this time. I am requesting medical benefits for my current injury to my right ankle in addition to temporary disability benefits dating back to the date of injury.

Dr. Christensen signed a letter dated June 23, 2015, wherein he released Employee to return to work on June 29, 2015, without restrictions. However, on July 16, 2015, he signed a fourth letter assigning new restrictions limiting "sitting or standing . . . to 30 minutes at a time and with a 30 minute break afterwards." As noted in the trial court's August 3, 2016 order, there is no indication in the medical records that Dr. Christensen placed Employee at maximum medical improvement for his injuries. Employee has not returned to work since the February 26, 2015 accident.

The parties were unable to resolve their disputes in mediation. On May 27, 2015, a Dispute Certification Notice was filed in connection with Employee's claimed February 26, 2015 injury. Employee filed a Request for Expedited Hearing on June 24, 2015, seeking a ruling on his entitlement to benefits for the February 26, 2015 injury based on a review of the file without an evidentiary hearing. On July 2, 2015, Employer filed a response to the request for expedited hearing, asserting that "employee's reported injury of February 26, 2015 did not arise out of his employment and did not occur within the course and scope of his employment." Additionally, Employer's response asserted that "employee's claim for temporary total disability benefits is without merit inasmuch as the employee was released from medical care with no restrictions due to his reported injury as reflected by the [June 23, 2015] medical statement."

On July 10, 2015, a Dispute Certification Notice was filed in connection with Employee's October 3, 2014 work-related left ankle injury. Employee filed a Request for Expedited Hearing on July 21, 2015, concerning the October 3, 2014 work-related injury, again seeking a ruling on the benefits due based on a review of the file without an

4

evidentiary hearing. In a July 28, 2015 order, the trial court consolidated the two claims. On August 3, 2015, the trial court issued an order granting medical and temporary disability benefits finding that Employee "has satisfied his obligation of establishing that his right-ankle injury of February 26, 2015, is a direct and natural consequence of the underlying October 3, 2014 work-related injury." Employer timely filed an expedited hearing notice of appeal on August 11, 2015. The record was received by the Clerk of the Workers' Compensation Appeals Board on August 27, 2015.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;

(B) Exceed the statutory authority of the workers' compensation judge;

(C) Do not comply with lawful procedure;

(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Employer identifies three issues in its notice of appeal, as follows:

1. No "catastrophic injury" exists which is the sole allowed statutory basis for an expedited hearing. [Tenn. Code Ann.] § 50-6-239(c)(10).

2. Employee has been and is continuing to be paid sick leave at full pay for entire period for which [temporary total disability] has been ordered.

3. Employee has been disabled from employment since July 2, 2015 for post traumatic stress disorder and severe anxiety unrelated to employment.

5

## A.

Employer's reliance on Tennessee Code Annotated section 50-6-239(c)(10) (2014) is misplaced. When the subsection is read in its entirety, it is clear that the intent of the subsection is to provide a trial judge the discretion to give priority on his or her trial docket to a case involving a "catastrophic injury." Tennessee Code Annotated section 50-6-239(d)(1) (2014) authorizes a workers' compensation judge, at the judge's discretion, to "hear disputes over issues provided in the dispute certification notice concerning the provision of temporary disability or medical benefits on an expedited basis and enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits." The rules governing mediation and hearing procedures of the Bureau of Workers' Compensation define "Expedited Hearing" and authorize a trial judge to issue an interlocutory order based on a review of the documents submitted without convening a formal hearing:

> Expedited Hearing. A hearing to determine an issue of appropriateness of temporary disability or medical benefits prior to a hearing that results in a compensation order, conducted pursuant to these rules. A workers' compensation judge may issue an interlocutory order either awarding or denying temporary disability or medical benefits based on a review of the documents submitted and without convening a formal hearing.

Tenn. Comp. R. & Regs. 0800-02-21-.02(13) (2015).

As noted, Tennessee Code Annotated section 50-6-239(c)(10) provides a trial judge the discretion to order that a claim be heard on an expedited basis and given priority over all cases on the judge's trial docket "where the employee has suffered a catastrophic injury." Nothing in the statutes or the Bureau's rules and regulations limits an expedited hearing to claims involving alleged catastrophic injures. Although it is clear from the statutes and the Bureau's rules and regulations that a trial judge has the discretion to conduct an expedited hearing with or without an evidentiary hearing to address any claim asserted in a petition for benefit determination, in the instant case, Employer did not object to the trial court's conducting an expedited hearing and did not object to the issuance of an interlocutory order based on a review of the documents without convening a formal hearing. As we have observed before, "when a party fails to raise an issue in the trial court, the party waives its right to raise that issue on appeal." *Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14 (Tenn. Workers' Comp. App. Bd. July 31, 2015). "If the rule were otherwise, parties could forego bringing to the trial court's attention a potentially dispositive error or issue and then, if dissatisfied with the outcome, essentially ambush the trial court's decision on appeal based on the error or issue that could have been raised below." *Id.* at *14-15. Thus, this issue is waived. Even if the issue had been properly raised, it would have no merit.

## B.

Employer's second and third issues raise matters that were likewise not presented to the trial court and concern allegations about which no evidence was presented to the trial court. Specifically, contemporaneously with the filing of Employer's notice of appeal, Employer filed a notarized statement of the payroll clerk for Greene County, Tennessee, to which the payroll records of Employee for the period of February 11, 2015, through July 28, 2015, were attached. Additionally, Employer filed a notarized statement from an administrative assistant in the Greene County Sheriff's Department along with four exhibits, two of which were not submitted to the trial court prior to the issuance of the August 3, 2015 order awarding medical and temporary disability benefits.

Our role in evaluating a trial court's decision on appeal entails taking into account information the trial court had before it at the time the trial court decided the issues, as opposed to considering information the parties may seek to present on appeal following an adverse decision. *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). We will not consider on appeal "testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id.* Likewise, as noted above, we will not consider issues on appeal that were not raised in the trial court. *See Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (Koch, J., dissenting) ("One cardinal principle of appellate practice is that a party who fails to raise an issue in the trial court waives its right to raise that issue on appeal."). Accordingly, we decline to address Employer's second and third issues.

### Conclusion

For the foregoing reasons, we affirm the trial court's expedited hearing order. Further, we find that the trial court's decision does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). The case is remanded for any further proceedings as may be necessary.

_____
**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**